UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bo Anderson Taylor, # 316071, *aka* Bo A. Taylor, | ) **C/A No. 4:09-0455-HMH-BHH** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| South Carolina Department of Social Services, Horry County DSS, | ) |
| Defendant. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution in Lancaster County, South Carolina. He has brought suit against the South Carolina Department of Social Services, including its Horry County office. Information on the South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a five-year sentence for second-degree criminal conduct with a minor. His conviction was entered in the Court of General Sessions for Horry County. The plaintiff received eleven months of "jail time" credit, so his projected release date is October 24, 2009.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the adoption of a child fathered by the plaintiff. The plaintiff pled guilty to a charge of second-degree criminal sexual conduct involving the

1

child's mother (who was fourteen years old at the time of the offense). Essentially, the plaintiff is contending that he should have been notified of the adoption and that a termination of parental rights proceeding should have been conducted. In his prayer for relief, the plaintiff appears to be seeking discovery of state records relating to the adoption "TO ENTITLE [his] CONSTITUTIONAL RIGHT TO FATHERHOOD."

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In his prayer for relief, the plaintiff seeks to discover why a termination of parental rights proceeding was not held. The plaintiff is, obviously, seeking an advisory opinion. *FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[3] *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."); and *United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

---

[3]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

In any event, a suit by the plaintiff for damages against the South Carolina Department of Social Services would be barred by the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.,* 195 F. Supp. 516, 517 (E.D.S.C. 1961).[4]

The plaintiff is not entitled to records from the South Carolina Department of Social Services.  The federal Freedom of Information is applicable to agencies or departments of the Government of the United States, and is not applicable to agencies or departments of a State.  *See*, *e.g.*, *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2nd

---

[4]Even if the plaintiff were a citizen of a state other than South Carolina and complete diversity of parties existed, the Eleventh Amendment would apply.  Secondly, the domestic relations exception to the diversity statute would preclude this court from addressing the "child custody" issues in the above-captioned case.  *See Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *Wilkins v. Rogers*, 581 F.2d 399, 403-405 & n. 4 (4th Cir. 1978); and *Thrower v. Cox,* 425 F. Supp. 570, 571-74 (D.S.C. 1976).  Secondly, federal appellate courts have held that federal district courts "may abstain for reasons of comity and common sense from cases better handled by state courts having authority over matrimonial and family matters."  *Gonzalez Canevero v. Rexach*, 793 F.2d 417, 418 (1st Cir. 1986).  *Cf. Kelser v. Anne Arundel County Department of Social Services*, 679 F.2d 1092, 1094-95 (4th Cir. 1982).

Cir. 1999) ("Despite HUD's contention to the contrary, it is beyond question that FOIA applies only to federal and not to state agencies."); and *Securities and Exchange Commission v. Thrasher*, 1995 U.S.Dist. LEXIS 1355, *34 & n. 13, 1995 WL 46681, *16 & n. 13 (S.D.N.Y., Feb. 7, 1995).  The State of South Carolina has its own Freedom of Information Act.  *See* S.C. Code Ann. § 30-4-10; *South Carolina Tax Commission v. Gaston Copper Recycling Corp.*, 316 S.C. 163, 447 S.E.2d 843 (1994); and *Weston v. Carolina Research and Development Foundation*, 303 S.C. 398, 401 S.E.2d 161 (1991).  Even so, the United States District Court for the District of South Carolina in the above-captioned should decline to exercise supplemental jurisdiction over the plaintiff's state-law claims because the plaintiff's federal claims are subject to dismissal under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

                s/Bruce Howe Hendricks
                United States Magistrate Judge

February 25, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).